**RECORD NO.  13-4170**

**IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

**UNITED STATES OF AMERICA,**

**Plaintiff - Appellee,**

**v.**

**JAMES ROBERT COBLER,**

**Defendant - Appellant.**

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

_____

**BRIEF OF APPELLEE**

_____

**TIMOTHY J. HEAPHY**
**United States Attorney**
**Jean B. Hudson**
**Assistant U.S. Attorney**
**255 West Main Street, Room 130**
**Charlottesville, Virginia 22902**
**(434)293-4283**

**Counsel for Appellee**

# **TABLE OF CONTENTS**

Page No.

TABLE OF AUTHORITIES ...................................................................ii

STATEMENT OF JURISDICTION........................................................1

STATEMENT OF THE ISSUES .............................................................1

STATEMENT OF THE CASE AND FACTS .........................................1

STANDARD OF REVIEW ...................................................................13

SUMMARY OF THE ARGUMENT ....................................................14

ARGUMENT .........................................................................................15

    I.  COBLER'S SENTENCE OF 1,440 MONTHS WAS NOT CRUEL AND
    UNUSUAL UNDER THE EIGHTH AMENDMENT; COBLER CANNOT
    ESTABLISH A GROSS INFERENCE OF DISPROPORTIONALITY
    BETWEEN THE SENTENCE IMPOSED AND THE CRIMES HE
    COMMITTED AND IF THIS COURT WERE TO ENGAGE IN
    PROPORTIONALITY ANALYSIS, COBLER'S SENTENCE SHOULD BE
    AFFIRMED……………………………………………………………15

        A. *Cobler's sentence does not give rise to an inference of gross
        disproportionality*……………………………………………..20

        B. *The Gravity of the Offense*……………………………………….27

    II.  THE DISTRICT COURT IMPOSED A REASONABLE SENTENCE WHEN
    IT SENTENCED COBLER TO A WITHIN-GUIDELINE RANGE SENTENCE
    OF 1,440 MONTHS……………………………………………………36

CONCLUSION ......................................................................................55

i

CERTIFICATE OF COMPLIANCE .......................................................56

CERTIFICATE OF SERVICE ..............................................................57

## TABLE OF AUTHORITIES

**Page No.**

Constitutional Amendment VIII…………………………………………………..20

**CASES:**

*Supreme Court*

*Ewing v. California*, 538 U.S. 11 (2003)………………………………..21, 23, 26

*Gall v. United States*, 552 U.S. 28 (2007)……………………13, 14, 36, 37, 38, 40

*Graham v. Florida*, 560 U.S. 48 ( 2010)………………………………………...19, 20

*Harmelin v. Michigan*, 501 U.S. 957 (1991)…………………17, 19, 21, 22, 28, 36

*Hutto v. Davis*, 454 U.S. 370 (1982)………………………………………………...22

*Lockyer, v. Andrade*, 538 U.S. 63 (2003)…………………………………………....22

*Miller v. Alabama*, 132 S. Ct. 2455 (2012)…………………………………...19, 20

*New York v. Feber*, 458 U.S. v. 747 (1982)…………………………………  27, 43

*O'Neil v. Vermont*, 144 U.S. v. 323 (1982)………………………………...25

*Osborne v. Ohio*, 495 U.S. v. 103 (1990)…………………………………….28, 44

*Rita v. United States*, 551 U.S. 338 (2007)............................................................37

*Robinson v. California*, 370 U.S. 660 (1962)………………………………....18, 19

*Rummel v. Estelle*, 445 U.S. 263 (1980)………………………………...18, 21, 22

*Smith v. Doe*, 538 U.S. 84 (2003) ...........................................................................41

*Solem v. Helm*, 463 U.S. v. 277 (1983)……………………………………………21, 30

*Weems v. United States*, 217 U.S. 349 (1910)………………………………...17, 18

## Courts of Appeals

*United States v. Abu Ali*, 528 F.3d 210 (4th Cir. 2008)………………………37, 38

*United States v. Allen*, 491 F.3d 178 (4th Cir. 2007)……………………………..14

*United States v. Boulware*, 604 F.3d 832 (4th Cir. 2010) ......................................13

*United States v. Bynum*, 604 F.3d 161 (4th Cir. 2010)…………………………….38

*United States v. Curry*, 523 F.3d 436 (4th Cir. 2008)…………………………….37

*United States v. Diosdado-Star*, 630 F.3d 359 (4th Cir.)
    *cert. denied*, -- U.S. --, 131 S. Ct. 2946(2011)……………………………...14

*United States v. Engle*, 676 F.3d 406 (4th Cir. 2012)……………………………..48

*United States v. Khan*, 461 F.3d 477 (4th Cir. 2006)…………………………26, 29

*United States v. Ming Hong*, 242 F.3d 528 (4th Cir. 2001)……………….16, 17, 26

*United States v. Layton*, 564 F.3d 330 (4th Cir. 2009).......................................36

*United States v. Malloy*, 568 F.3d 166 (4th Cir. 2009)………………………..16, 17

*United States v. Meyers*, 280 F.3d 407 (4th Cir. 2002) .......................................13

*United States v. Montes-Pineda*, 445 F.3d 375 (4th Cir. 2006)…………………..38

*United States v. Pauley*, 511 F.3d 468 (4th Cir. 2007) .......................................37

United States v. Presley, 52 F.3d 64 (4th Cir. 1995)………………………………...17

iv

*United States v. Rhodes*, 779 F.2d 1019 (4th Cir. 1985)……………………….24

*United States v. Shaw*, 313 F.3d 219(4th Cir. 2002) ...........................................37

*United States v. White*, 238 F.3d 537 (4th Cir. 2001)……………………….…..38

*Hawkins  v. Hargett*, 200 F.3d 1279 (10th Cir. 1999)……………………………26

*United States v. Allison*, 447 F.3d 402 (5th Cir. 2006)……………………….....41

*United States v. Angelos*, 433 F.3d 738 (10th Cir. 2006)……………………......24

*United States v. Barevich*, 445 F.3d 956 (7th Cir. 2006)………………………..44

*United States v. Betcher*, 534 F.3d 820 (8th Cir. 2008)…………………..42, 48, 54

*United States v. Bistline*, 665 F.3d 758 (6th Cir. 2012)…………………………...45

*United States v. Bullock*, 550 F.3d 247 (2d Cir. 2008)……………………………24

United States v. *Camiscione*, 591 F.3d 823 (6th Cir. 2010)………………………45

*United States v. Crandon*, 173 F.3d 122 (3d Cir. 1999)…………………………..50

*United States v. Delacruz-Soto*, 414 F.3d 1158 (10th Cir. 2005)………………....27

*United States v. Demeyer*, 665 F.3d 1374 (8th Cir. 2012)………………………..54

*United States v. Dexta*, 470 F.3d 612 (6th Cir. 2006)…………………………….39

*United States v. Farley*, 607 F.3d 1294 (11th Cir. 2010)……………………...20, 24

*United States v. Frisby*, 258 F.3d 46 (1st Cir. 2001)……………………………...23

*United States v. Goff*, 501 F.3d 250 (3d Cir. 2007)……………………………….44

*United States v. Goldberg*, 491 F.3d 668 (7th Cir. 2007)…………………….44, 45

*United States v. Graciani*, 61 F.3d 70 (1st Cir. 1995)……………………….…..24

*United States v. Graham*, 622 F.3d 445 (6th Cir. 2010),
    *cert, denied*, 131 S. Ct. 2962(2011)………………….……………………...20

*United States v. Gross*, 437 F.3d 691 (7th Cir. 2006)……………………………32

*United States v. Huffstatler*, 561 F.3d 694 (7th Cir. 2009)………………………48

*United States v. Irey*, 612 F.3d 1160 (11th Cir. 2010)(*en banc*).
………………………………………………………………...43, 44, 50, 51, 52, 53

*United States v. Johnson*, 451 F.3d 1239 (11th Cir. 2006)………………………47

*United States v. Kapordelis*, 569 F.3d 1291 (11th Cir. 2009)……………………47

United States v. MacEwan, 445 F.3d 237 (3d Cir. 2006)…………………………31

*United States v. Moriarity*, 429 F.3d 1012 (11th Cir. 2005)……………………...26

*United States v. Paton*, 535 F.3d 829 (8th Cir. 2008)…………………….…31, 48

*United States v. Polk*, 546 F.3d 74 (1st Cir. 2008)……………………….23, 31, 33

*United States v. Pugh*, 515 F.3d 1179 (11th Cir. 2008)………………….....41, 48

*United States v. Raplinger*, 555 F.3d 687 (8th Cir. 2009)………………………..48

United States v. Reingold, 731 F.3d 204 (2d Cir. 2013)…………………………34

*United States v. Sarras*, 575 F.3d 1191 (11th Cir. 2009)…………………..27, 47

*United States v. Schell*, 692 F.2d 672 (10th Cir. 1982)………………………...26

*United States v. Thomas*, 627 F.3d 146 (5th Cir. 2010)…………………………25

*United States v. Trejo-Martinez*, 481 F.3d 409 (6th Cir. 2007)……………39, 40

*United States v. Vowell*, 516 F.3d 503 (6th Cir. 2008)……………………………48

*United States v. Walker*, 473 F.3d 71 (3d Cir. 2007)……………………………..24

*United States v. Weis*, 487 F.3d 1148 (8th Cir. 2007)………………………………32

*United States v. Wiest*, 596 F.3d 906 (8th Cir. 2010)……………………………..24

**Unpublished Cases**

*United States v. Crawford*, 175 Fed.Appx. 594 (4th Cir. 2006)…………………..17

*United States v. Ebersbach*, 489 Fed.Appx. 635 (4th Cir. 2012)…………………49

*United States v. Gross*, 253 Fed.Appx. 264 (4th Cir. 2008)………………………42

*United States v. Hinnant*, 384 Fed.Appx. 276 (4th Cir. 2010)………………….....16

*United States v. Martinez*, 453 Fed.Appx. 342 (4th Cir. 2011)
    *cert. denied* 132 S. Ct. 1130 (2012)…………………………………………49

*United States v. Mattocks*, 408 Fed.Appx. 717 (4th Cir. 2011)…………………..49

*United States v. McKenzie*, 96 Fed.Appx. 164 (4th Cir. 2004)…………………...17

*United States v. Miller*, -- Fed.Appx., 2013 WL 3803530
    (4th Cir. Jul. 23, 2013)………………………………………………………49

*United States v. Monge*, 332 Fed.Appx. 901 (4th Cir. 2009)……………………..16

*United States v. Payne*, 403 Fed.Appx. 823 (4th Cir. 2010),
    *cert. denied*, 131 S. Ct. 3060 (2011) …………………………………….…20

*United States v. Washington*, 366 Fed.Appx. 463 (4th Cir. 2010)………………..16

*United States v. Wright*, 254 Fed.Appx. 974 (4th Cir. 2007)……………………..17

*United States v. Davis*, 306 Fed.Appx. 102 (5th Cir. 2009)………………….....32

*United States v. Dobrowolksi*, 406 Fed.Appx. 11 (6th Cir. 2010)………………...24

*United States v. Falgout*, 325 Fed.Appx. 775 (11th Cir. 2009)……………….31, 36

*United States v. Green*, 259 Fed.Appx. 171 (11th Cir. 2007)……………………32

*United States v. Herrick*, 512 Fed.Appx. 534  (6th Cir. 2013)………………..32, 36

*United States v. Higgins*, 504 Fed.Appx. 786 (11th Cir. 2009)……………….....32

*United States v. Jones*, 480 Fed.Appx. 969 (11th Cir. 2012)……………………..25

*United States v. Merchant*, 506 Fed.Appx. 959 (11th Cir. 2013)…………………32

*United States v. Metzger*, 411 Fed.Appx. 1 (7th Cir. 2010)………………….....54

*United States v. Puglisi*, 458 Fed.Appx. 31 (2d Cir. 2012)…………………………31

*United States v. Schupp*, 488 Fed.Appx. 170 (8th Cir. 2012)……………………50

*United States v. Shea*, 493 Fed.Appx. 792 (7th Cir. 2012)…………………………49

*United States v. Soule*, 250 Fed.Appx. 834 (10th Cir. 2007)…………………25, 32

*United States v. Walls*, 70 F.3d 1323 (D.C. Cir. 1995)…………………….....…25


**District Court Cases**

*United States v. Bruffy,* No. 6:11-CR-00006, 2012 WL 1003503
    (W.D.V.A. Mar. 26, 2012)……………………………………………………..49

*United States v. C.R.*, F.Supp. 2d 343 (E.D.N.Y. 2011)………………………34, 35

*United States v. Marshall*, 870 F.Supp. 2d 489 (N.D. Ohio 2012)………..…34, 35

*Statutes*

18 U.S.C. § 116…………………………………………………………...33

18 U.S.C. § 853(p)……………………………………………………….4

18 U.S.C. § 924(c)……………………………………………………...26

18 U.S.C. § 924(c) (1)…………………………………………………26

18 U.S.C. § 924(c)(1)(C)………………………………………………25

18 U.S.C. § 2246(2)…………………………………………………...5

18 U.S.C. § 2251(a)…………………………………………4, 33, 37, 38

18 U.S.C. § 2251(e)…………………………………...4, 33, 37, 38, 47

18 U.S.C. § 2252A(b)(1)………………………………………………47

18 U.S.C. § 2252(a)(1)………………………………….. 4, 33, 37, 48

18 U.S.C. § 2252A(2)(A)………………………………………………47

18 U.S.C. § 2252(a)(2)………………………………………………...32

18 U.S.C. § 2252(a)(2)(4)(B)…………………………………………4

18 U.S.C. § 2252(a)(4)…………………………………………………32

18 U.S.C. § 2252(a)(4)(B)……………………………………………33, 37

18 U.S.C. § 2252(b)(1)………………………………………...4, 33, 37

18 U.S.C. § 2252(b)(2)………………………………………….4, 33, 37

18 U.S.C. § 2441………………………………………………………………34

18 U.S.C. § 3231………………………………………………………………...1

18 U.S.C. § 3553(a)……………………………………………………………*passim*

18 U.S.C. § 3553(a)(2)………………………………………………………....40

18 U.S.C. § (a)(2)(A)…………………………………………………………...52

18 U.S.C. § 3553(a)(6)………………………………………………………45, 51

18 U.S.C. § 3742………………………………………………………………...1

28 U.S.C. §1291………………………………………………………………1


**United States Sentencing Guidelines**

U.S.S.G. § 2G2.1…………………………………………………………….....4

U.S.S.G. § 2G2.1(b)(1)(A)…………………………………………………….5

U.S.S.G. § 2G2.1(b)(2)(A)…………………………………………………….5

U.S.S.G. § 2G2.1(b)(5)………………………………………………………..5

U.S.S.G. § 2G2.………………………………………………………………..5

U.S.S.G. § 2G2.2(b)(2)………………………………………………………..5

U.S.S.G. § 2G2.2(b)(3)(B)…………………………………………………….5

U.S.S.G. § 2G2.2(b)(4)………………………………………………………..5

U.S.S.G. § 2G2.2(b)(5)………………………………………………………..5

x

U.S.S.G. § 2G2.2(b)(6)……………………………………………………….5

U.S.S.G. § 2G2.2(b)(7)………………………………………………………..6

U.S.S.G. § 3D1.4……………………………………………………………...6

U.S.S.G. § 4B1.5(b)………………………………………………………...6

U.S.S.G. § 5G.1.1(a)…………………………………………………...6,  37

U.S.S.G. § 5G1.2(b)………………………………………………….....38

U.S.S.G. § 5G1.2(d)………………………………………………….25, 38

U.S.S.G. Ch. 5, Pt. A…………………………………………………….6

U.S.S.G. Ch. 5, Pt. A cmt. n.3……………………………………………...6

### *Miscellaneous*

Section 645(a) of  Div. C. Pub.L. 104-208…………………………….…..33

Mot. by Appellant James Cobler for hr'g *en banc*, United States v. *Cobler*,
    No. 13-4170, Aug. 5, 2013, ECF No. 30…………………………….13

Ct. Order Den. Hr'g *enbanc*, *United States v. Cobler*, No. 13-4170,
    Nov. 5, 2013 ECF No. 57…………………………………………….13

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

This Court has subject matter jurisdiction pursuant to Title 18, United States Code, Section 3231.

This Court has appellate jurisdiction pursuant to Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742.

## STATEMENT OF THE ISSUES

I.    **WHETHER COBLER'S  WITHIN-GUIDELINES SENTENCE OF 1,440 MONTHS  FOR OFFENSES INCLUDING PRODUCTION OF CHILD PORNOGRAPHY  INVOLVING SEXUAL MOLESTATION OF A FOUR-YEAR OLD CHILD  WHILE KNOWINGLY RISKING TRANSMISSION OF A DANGEROUS DISEASE IS CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AMENDMENT?**

II.   **WHETHER COBLER'S SENTENCE OF 1,440 MONTHS WAS REASONABLE, WHEN THE COURT PROPERLY CONSIDERED THE FACTORS UNDER 18 U.S.C. § 3553(a), THE SENTENCE WAS NOT ABOVE THE PROPERLY CALCULATED SENTENCING GUIDELINES, AND IS PRESUMED REASONABLE ON APPEAL?**

## STATEMENT OF THE CASE AND FACTS[1]

James Robert Cobler engaged in multiple acts of molestation with a four-year-old boy and produced video and images of child pornography depicting acts

---

[1] Reference in this brief to the Joint Appendix shall be "J.A. ___."

1

of oral sex and digital penetration of the boy as well as images focused on the young child's genital area. Cobler has been diagnosed with a serious communicable medical condition, as further described in the Presentence Report (PSR), JA Vol. II (Sealed), and was in such condition at the time he committed these acts of molestation. Cobler also distributed and received other hard core child pornography by using a file sharing program by which he obtained other child pornography for his own gratification.

The investigation into Cobler's activity began on April 20, 2012, when Investigator Michael R. Wagoner, of the Page County Sheriff's Office, also assigned to the Northern Virginia-District of Columbia Internet Crimes Against Children Task Force (NOVA-DC ICAC), identified James Cobler's computer as a source for numerous files of apparent child pornography on a peer-to-peer, file-sharing network. JA 220. Investigator Wagoner, operating in an undercover capacity, downloaded three child pornography images from Cobler's collection, including one depicting a very young girl engaged in a sex act with an adult male. On May 3, 2012, a search warrant was executed at Cobler's home in Winchester, Virginia, within the Western District of Virginia. JA 220. A preview of the computers there revealed significant and disturbing child pornography, including

images depicting very young children, including toddlers, being vaginally and anally raped by adult males.  JA 220.

Investigators interviewed Cobler and taped the interview while they were at his home.  JA 63, 220. During the interview, Cobler made certain incriminating statements, and also initiated a conversation with the investigators about having molested and filmed in the recent past the local four-year old victim of the offenses charged in Counts One through Three of the Indictment.  JA 220.  He admitted to molesting the child on four separate occasions within the prior month when he was babysitting the child at the home of the child's mother.  Cobler also admitted researching whether his communicable disease could be transmitted via saliva during oral sex after the first occasion that he put his mouth on the boy's penis.  He claimed that he learned it was either a very small or no chance of transmission unless he had a cut in his mouth and the child had a cut.  After learning there might be a possibility of transmission, he nevertheless performed oral sex on the child the two other times.  JA 220-21.   A forensic analysis confirmed that Cobler produced child pornography and had acquired other hard core images depicting the sexual abuse of young children, including penetration of young children by adult men.  JA 221.

On June 21, 2012, a federal grand jury sitting in Harrisonburg, Virginia, returned an indictment charging James Robert Cobler with three counts of using a four-year-old boy to engage in sexually explicit conduct for the purpose of creating visual depictions of that conduct (commonly referred to as production of child pornography) in violation of 18 U.S.C. §§ 2251(a) and (e)(Counts One, Two and Three); one count of transportation of child pornography, in violation of 18 U.S.C. §§2252(a)(1) and (b)(1)(Count Four); and one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2)(4)(B) and (b)(2)(Count Five). JA 9-13.  The indictment also included a notice of forfeiture seeking forfeiture of certain property, pursuant to 21 U.S.C. § 853(p).  JA 12-13.

On October 29, 2012, Cobler plead guilty to all counts in the indictment before United States Magistrate Judge James G. Welsh.  JA 5.  On December 4, 2012, the Magistrate filed a Report and Recommendation, recommending that the district court accept Cobler's guilty pleas to counts One, Two, Three, Four and Five.  JA 46-56.

The United States Probation Office prepared a  Presentence Report (PSR) which reflected that Counts One and Two corresponded to a base offense level of 32 for production of child pornography, pursuant to U.S.S.G. § 2G2.1, with a four-level increase addressing the tender age of the victim child pursuant to U.S.S.G. §

4

2G2.1(b)(1)(A), a two-level increase pursuant to U.S.S.G. § 2G2.1(b)(2)(A), because the offense involved the commission of a sexual act as defined in 18 U.S.C. § 2246(2), and a two-level increase under § 2G2.1(b)(5) because the young boy was then in the defendant's care or supervisory control, resulting in offense levels of 40 for each of those counts.[2]  JA 223.   Count Three was similarly calculated but because that offense did not involve a sexual act or sexual contact, the offense level was 38.  JA 224.   The PSR properly grouped Counts Four and Five (transportation and possession of child pornography), which counts corresponded to a base offense level of 22, pursuant to U.S.S.G. § 2G2.2, with a two-level increase for depictions of prepubescent minors under § 2G2.2(b)(2), a five-level increase for distribution of child pornography via a Peer-to-Peer network, under §2G2.2(b)(3)(B), a four-level increase under §2G2.2(b)(4) to address depictions of violence because the defendant's collection included young and small children being vaginally and anally raped by adult males;  a five-level increase under § 2G2.2(b)(5) because Cobler  engaged in a pattern of activity involving the sexual abuse or exploitation of a minor as further defined in U.S.S.G. § 2G2.2, Application Note 1; a two level increase under § 2G2.2(b)(6) because the offense involved the use of  a computer; and a five level increase because the

---

[2]On February 15, 2013, the United States Office of Probation filed a sealed presentence report with the district court.  JA 6, 217.

offense involved more than 600 images of child pornography, pursuant to § 2G2.2(b)(7), for a total offense level of 45 for these two charges. JA 224-25. Because production counts do not group, an additional three level increase was added pursuant to U.S.S.G. § 3D1.4, resulting in an adjusted offense level of 48, which was then reduced by three  levels for acceptance of responsibility and then finally increased by five levels under the Chapter 4 enhancement for qualifying as a repeat and dangerous sex offender under U.S.S.G. § 4B1.5(b), resulting in a total offense level of 43.  JA 224-26.

Based upon a Criminal History Category I and total offense level 43[3], defendant's advisory sentencing guideline term of imprisonment was life. U.S.S.G. Ch. 5, Pt. A; JA 229.  Because the statutory maximum on each count is less than the advisory guidelines range of life imprisonment, the aggregated statutory maximum sentences on each count become the advisory guidelines range for each count, i.e., 30 years on each of Counts One, Two, and Three, 20 years on Count Four, and 10 years on Count Five. *See* U.S.S.G. § 5G1.1(a).

The applicable guideline range was thus necessarily calculated at 1,440 months.  U.S.S.G. § 5G1.1(a).  Accordingly, the PSR correctly reflected that

---

[3] Cobler's actual total offense level was 50, but because 43 is the maximum potential offense level under the Guidelines, it was reduced to level 43 pursuant to U.S.S.G. Ch. 5, Pt. A, cmt. n.3.

Cobler's advisory guideline range was 1,440 months (i.e., the total of the maximum statutory penalties of thirty years on Counts One, Two and Three, twenty years on Count Four, and ten years on Count Five.).  JA 229.

Prior to sentencing, Cobler filed a Sentencing Memorandum, in which he argued for a sentence of not more than twenty years, primarily in light of his severe medical condition, and his short life expectancy, as set forth in more detail in the sealed presentence report, Cobler's Sentencing Memorandum and Brief.  JA 227-28, 260-73.  The United States filed a Sentencing Memorandum, setting forth a request for a sentence in accordance with the guidelines, and more specifically arguing that a sentence which was effectively a life sentence would be reasonable under the circumstances of this case, and in light of the goals of 18 U.S.C. §3553(a).  JA 61-84.  The United States also filed a  Supplemental Sentencing Memorandum in response to Cobler's Sentencing Memorandum.  JA 85-97. Cobler appeared on February 14, 2013, before United States District Judge Michael J. Urbanski, at which time the court adopted the Report and Recommendation, and proceeded to conduct the sentencing hearing.  At the sentencing hearing, the court properly calculated the guidelines and determined that the advisory range for Cobler was 1,440 months.  JA 133.[4]   Cobler did not

---

[4] The district court heard argument pertaining to Cobler's objection to the five level enhancement addressing Cobler's use of file-sharing programs, and

7

object to the court's calculation, but did request a downward variance from the range, in reliance on the arguments set forth in his Sentencing Memorandum. JA 133. Cobler requested a sentence no greater than twenty years, arguing that in light of his medical situation, such a sentence was appropriate. JA 138. Cobler argued that a sentence of twenty years would "show[] some compassion for Mr. Cobler," in that it would permit him to serve his sentence in a low-security prison setting, and would not diminish the other § 3553(a) factors. JA 139. The United States presented arguments pointing out the recidivism risks for sex offenders, pointing to studies that show these defendants have a much higher risk of recidivism. JA 142-43. The court noted its concern with the "grievous aspect of this case," stating that "the thing that troubles the Court the most is the molestation of this child and the videotaping of that, combined with the risk to that child of the defendant's disease. That is - - that's what ramps this case up and makes it so incredibly serious. It's not only the molestation, but it's molestation, plus the videotaping, plus the knowledge that under certain circumstances, this disease could be transmitted to that child by virtue of the act." JA 149. The court further indicated its great concern with Cobler's offenses, saying that Cobler's offenses

---

ultimately agreed with the Government that the enhancement applied, though the court and Cobler agreed that the enhancement ultimately would have no impact on the guideline range. JA 109-27.

were "not  [] victimless crimes[s]."  JA 150.  The court observed that "[t]his is

almost as bad as  - -the only - -it's almost as bad as you can get.  This is a very,

very, very grievous case."  JA 150.  The Government's counsel pointed to some of

Cobler's search terms, which clearly indicated Cobler's interest in images of child

rape, including very young children, including toddlers and infants.  JA 152.  The

Government produced victim impact statements, and read one into the record of

the proceeding, highlighting with powerful statements from those documents, the

great suffering and harm that crimes of child pornography cause to the many

victims, including the ongoing harm caused by the distribution of the images, over

and over again, to those who, like Cobler, take pleasure in viewing these images of

horrible acts perpetrated on innocent, defenseless victims. JA 156-62.  The

Government also submitted the images of the child Cobler personally molested,

and noted for the court that thankfully, the child had not been infected with disease

as a result of Cobler's sexual abuse.  JA 155, 163.

       The court noted Mr. Cobler's medical condition, and stated, "[t]hrough no

fault of his own, Mr. Cobler has suffered his whole life with a disease that is no

fault of his own."  JA 174.  The Government pointed out that Cobler's case was

different from other cases because the victim was not only very young and

vulnerable, but also in the defendant's custody, care and control, and that because

of the sexual acts committed upon the child, Cobler risked infecting the child with the very disease which has made his life so miserable.  JA 177.  The court noted those observations and added that Cobler  risked infecting the child even after researching on the internet the possibility of transmission.  JA 177.  The Government argued for a guideline sentence, asserting that such a sentence was not greater than necessary, and that there was no reason for a downward variance, even recognizing that 120 years was effectively a life sentence.  JA 182-83.  Cobler's counsel argued that twenty years was sufficient to punish Cobler, and to generally deter others as well as Mr. Cobler from further crimes.  JA 184-85.  Mr. Cobler apologized to the victim's parents, to his friends, and the child victim and stated that he was truly and deeply sorry for his actions.  JA 188.  Cobler stated that he cared about the child, that he did not understand why he did what he did, and that he was deeply sorry and hoped that he could be trusted again.  JA 189.

The court ultimately sentenced Cobler to a term of 360 months on Counts One, Two and Three, to run consecutively, 240 months on Count Four, to run consecutively, and 120 months on Count Five, to run consecutively, for a total of 1,440 months imprisonment.  JA 6, 201.  The court also imposed a life term of supervised release in addition to the special assessments for each count.  JA 6, 201.  In doing so, the court noted the Government's arguments that this crime was "not

simply a crime of opportunity," and that there was "prior conduct involving inappropriate contact with children." JA 189-90. The court noted the defendant's statements that he looked at these images in order to avoid engaging in this type of conduct himself, and that he was babysitting the child victim. JA 190. The court again noted that Cobler had risked infecting the child, and that he repeated the sexual molestation conduct even after researching the risks of transmission. JA 190. The court noted its understanding of the fact that the images on Cobler's computer represent the dangers inherent in these offenses, that they "are serious in and of themselves and every time they're viewed, they propagate this industry that harms children." JA 190. The court concluded by stating that "we as a society have an obligation as reflected in the laws that Congress has passed to do everything we can to eliminate this curse upon young children that's people raping and molesting in the most violent manner, as reflected in some of those images I just saw; the youngest and most vulnerable in our society." JA 192. The court noted that in and of itself, the child pornography offenses are serious and justify a serious penalty. JA 190. But the court noted that Cobler's offenses went further, and involved "molestation of a young, vulnerable four-year-old boy who was being babysat by this defendant and as bad and as sympathetic as the Court may be as to what the defendant was dealt with when he was born and the health struggles he's

had in his life, the loss of his mother and unfortunate loss of his grandmother, I'm having a really, really hard time seeing why I should vary from the guidelines in this case." JA 192-93. The court yet again noted the egregious nature of Cobler's molestation in that risked transmission of a dangerous disease, that Cobler was aware of the risks, and concluded "I simply can't imagine a situation where I can allow the defendant back into the public." JA 193.

The court considered the § 3553(a) factors, and concluded that a Guideline sentence of 1,440 months was sufficient but not greater than necessary to protect the public from further crimes, based on the evidence, the prior conduct, the images, the repeated nature of the offenses, and combined with the risk of transmission of disease. JA 193. The court concluded that such a sentence was sufficient to afford deterrence to others. JA 193. The court stated, "This is the most serious and egregious conduct. It must be dealt with seriously." JA 193. The court again stated that there was simply no reason for a downward variance, that there was nothing before the court, no reason for a variance, in light of the particularly "egregious circumstances of harm to a child and risk to a child and to the other children present in those videos." JA 193-94.

On February 19, 2013, the district court entered a preliminary order of forfeiture. JA 6. On February 25, 2013, the court entered the final judgment

reflecting the sentence of 1,440 months' imprisonment.  JA 199-206.   On March 4, 2013, Cobler filed a timely notice of appeal.  JA 6, 215.

On June 7, 2013, the district court entered an Amended Judgment, reflecting the same sentence of 1,440 months' imprisonment.  JA 207-14.

On August 5, 2013, Cobler filed a motion requesting initial en banc review, Appellant's Mot. for hr'g en banc, Aug. 5, 2013, ECF No. 30, and on November 5, 2013, this Court entered an Order denying his request.  Order Den. Mot. hr'g  en banc, Nov. 5, 2013, ECF No. 57.

## STANDARDS OF REVIEW

I.     This Court reviews the question of whether a sentence is proportional under the Eighth Amendment under the de novo standard.  *United States v. Meyers*, 280 F.3d 407, 416 (4th Cir. 2002).

II.     This Court reviews sentences for reasonableness under a deferential abuse-of-discretion standard. *Gall v. United States,* 552 U.S. 38, 51 (2007). A reasonableness review includes both procedural and substantive components. *Id.* A sentence is procedurally reasonable where the district court committed no significant procedural errors, such as improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or insufficiently explaining the selected sentence. *United States v. Boulware,* 604 F.3d 832, 837–38

13

(4th Cir. 2010). The substantive reasonableness of a sentence is assessed in light of the totality of the circumstances. *Gall,* 552 U.S. at 51. While a sentence may be substantively unreasonable if the § 3553(a) factors do not support the sentence, "[r]eviewing courts must be mindful that, regardless of 'the individual case,' the 'deferential abuse-of-discretion standard of review ... applies to all sentencing decisions.' " *United States v. Diosdado–Star,* 630 F.3d 359, 366 (4th Cir.), *cert. denied,* ––– U.S. –––, 131 S. Ct. 2946 (2011) (citing *Gall,* 552 U.S. at 52). Moreover, a sentence that falls within a properly calculated Guidelines range is presumptively reasonable. *United States v. Allen,* 491 F.3d 178, 193 (4th Cir. 2007).

## <u>SUMMARY OF THE ARGUMENT</u>

I.    Cobler's sentence of 1,440 months was not cruel and unusual in violation of the Eighth Amendment.  Cobler cannot establish that his sentence creates an inference of gross disproportionality when it is compared with the severity of the multiple crimes for which he was convicted, including production of child pornography, and involving a four-year-old victim who Cobler molested while knowing that he was risking the transmission of a dangerous disease to this child.  Under any theory, Cobler's sentence was not disproportionate, and should be affirmed.

II.     The district court imposed a substantively reasonable sentence of 1,440 months, which sentence was not in excess of the properly calculated guideline range, and is therefore presumptively reasonable on appeal.  The district court considered the § 3553(a) factors, thoughtfully heard and considered each of Cobler's arguments at sentencing, and in light of Cobler's egregious conduct, determined that the offenses constituted very grave and serious crimes worthy of the maximum sentences available under the statute for each offense.  The district court properly "stacked" the statutory maximum penalties in order to impose the total punishment recommended by the advisory sentencing guideline range, and the sentence should be affirmed by this Court.

## ARGUMENT

### I.  COBLER'S SENTENCE OF 1,440 MONTHS WAS NOT CRUEL AND UNUSUAL UNDER THE EIGHTH AMENDMENT; COBLER CANNOT ESTABLISH A GROSS INFERENCE OF DISPROPORTIONALITY BETWEEN THE SENTENCE IMPOSED AND THE CRIMES HE COMMITTED AND IF THIS COURT WERE TO ENGAGE IN PROPORTIONALITY ANALYSIS, COBLER'S SENTENCE SHOULD BE AFFIRMED.

Cobler argues that for various reasons, his sentence of 1,440 months, or 120 years, was cruel and unusual under the Eighth Amendment of the Constitution.  Br. of Appellant at 10-29.  But despite his arguments, Cobler cannot establish that an

15

inference of gross disproportionality is apparent from a comparison of the sentence imposed to the horrendous crimes he committed, and has not shown that his sentence was cruel and unusual. For the reasons below, if this Court were to engage in proportionality review, Cobler's Eighth Amendment argument is simply unavailing. and his sentence should be affirmed.

This Court has held that "proportionality review [under the Eighth Amendment's Cruel and Unusual Punishment Clause] is not available for any sentence less than life imprisonment without the possibility of parole." *United States v. Malloy,* 568 F.3d 166, 180 (4th Cir. 2009) (quoting *United States v. Ming Hong,* 242 F.3d 528, 532 (4th Cir.2001)).  However, notwithstanding the broad language regarding the unavailability of proportionality review from *Malloy* and *Ming Hong*, this Court has not categorically refused to review Eighth Amendment challenges  to term of years sentences.  *See Malloy*, 568 F.3d at 180.  For example, both before and after *Malloy*, the Fourth Circuit has repeatedly rejected Eighth Amendment challenges to some sentences on the merits, without holding that Eighth Amendment challenges to sentences for terms of years are categorically foreclosed. *See United States v. Hinnant*, 384 Fed.Appx. 276, 278-279 (4th Cir.), *cert. denied*, 131 S. Ct. 349 (2010)(unpublished); *United States v. Monge*, 332 Fed.Appx. 901 (4th Cir. 2009)(unpublished); *United States v. Washington*, 366

Fed.Appx. 463, 463 (4th Cir. 2010)(unpublished); *United States v. Wright*, 254

Fed.Appx. 974, 976 (4th Cir. 2007), *cert. denied*, 552 U.S. 1301 (2008)

(unpublished); *United States v. Crawford*, 175 Fed.Appx. 594, 596 (4th Cir.), *cert.*

*denied*, 549 U.S. 890 (2006) (unpublished); *United States v. McKenzie*, 96

Fed.Appx. 164, 166 (4the Cir.), *cert. denied*, 543 U.S. 915 (2004)(unpublished);

*United States* v. *Presley*, 52 F.3d 64, 68 (4th Cir. 1995).  Indeed, in *Malloy* itself,

though the Court determined in reliance upon *Ming Hong*,  that proportionality

review was not available because the defendant was sentenced to a term of less

than life without parole, it  went on  to state:

> Even if proportionality review were available, however, it likely would not
> change the result here.  The Supreme Court has explained that "[s]evere,
> mandatory penalties may be cruel, but they are not unusual in the
> constitutional sense, having been employed in various forms throughout our
> Nation's history." *Harmelin v. Michigan*, 501 U.S. 957, 994-95 (1991).  The
> imposition of Malloy's 15-year sentence was for the very serious offense of
> sexual exploitation of a minor, and it is a result mandated by Congress. Our
> sister circuits to have considered the issue have also rejected he Eighth
> Amendment challenge to 2251.

> 568 F.3d 166, 180 n.14 (4th Cir. 2009)(citations omitted).

Cobler argues that several decisions from the Supreme Court are contrary to

this Court's position on proportionality review.  Br. of Appellant at 16.   In

particular, Cobler cites to *Weems v. United States*, 217 U.S. 349 (1910), in  support

of his argument.  *Id*.   This case, however, bears no resemblance to *Weems*.  In

*Weems*, the defendant was convicted of falsifying a single item in a public record, and he was sentenced, under the law of the Philippines, to 15 years of "cadena temporal." That punishment included a "minimum [term of] confinement in a penal institution for twelve years and one day, a chain at the ankle and wrist of the offender, hard and painful labor, no assistance from friend or relative, [and] no marital authority or parental rights or rights of property." 217 U.S. at 366. Even after the offender's term of imprisonment was complete, a defendant sentenced to "cadena temporal" would be subject to "a perpetual limitation of his liberty. He [would be] forever kept under the shadow of his crime, forever kept within voice and view of the criminal magistrate, not being able to change his domicil without giving notice to the 'authority immediately in charge of his surveillance,' and without permission in writing." *Id*.   As the *Rummel* Court subsequently explained, in rejecting the argument that the length of Weems' imprisonment was the entire basis for the Court's decision, the "finding of disproportionality cannot be wrenched from the extreme facts of that case," 445 U.S.  263, 273 (1980), including "the extraordinary nature of the 'accessories' included within the punishment of "cadena temporal." *Id*.  at 274.

Cobler's reliance on *Robinson v. California*, 370 U.S. 660 (1962), is similarly misplaced.  *See* Br. of Appellant  at -16.  In *Robinson*, the Supreme Court

struck down a California state law that criminalized a person's "status" as being addicted to narcotics, even if that person did not engage in criminal drug activity within the state's jurisdiction. *Id*. at 665-67. Unlike Robinson, Mr. Cobler has brought an "as applied" challenge to his sentence of 120 years.

Nor does Cobler's citation to the Supreme Court's decisions in *Graham v. Florida*, 560 U.S. 48 (2010) and *Miller v. Alabama*, 132 S. Ct. 2455 (2012), establish his point. *See* Br. of Appellant at 17-18. In *Graham*, the Court held that it was unconstitutional to impose life imprisonment without parole as the punishment for a non-homicide offense committed by a juvenile. 560 U.S. 48. In *Miller*, the Supreme Court deemed unconstitutional mandatory life imprisonment without parole for homicide offenses committed by juveniles. 132 S. Ct. at 2460. In so holding in both cases, the Court carefully distinguished between Eighth Amendment challenges to a particular sentence for a particular defendant (like the challenge raised in *Harmelin v. Michigan*, 501 U.S. 957 (1991) and such as in this case), and categorical challenges to a particular type of sentence as applied to an entire class of offenders. As the *Graham* Court explained, "[t]his case implicates a particular type of sentence as it applies to an entire class of offenders who have committed a range of crimes." 560 U.S. at 61; *see Miller*, 132 S. Ct. at 2470-71. *Graham* and *Miller* did not consider, let alone adopt, a new constitutional test for

19

proportionality challenges to a particular defendant's sentence to a term of years. Moreover, the analysis in *Graham* centered on the imposition of the punishment on juveniles, as opposed to adults. 560 U.S.  at 68-69 (emphasizing juveniles' "diminished moral culpability" and "capacity for change"); *Miller*, 132 S. Ct. at 2469 (same).  The *Graham* and *Miller* decisions did not change this Court's Eighth Amendment jurisprudence for adult offenders. *See, e.g., United States v. Payne,* 403 Fed.Appx. 823, n* (4th Cir. 2010)(unpublished), *cert. denied,* 131 S. Ct. 3060 (2011); *United States v. Farley*, 607 F.3d 1294, 1342 n.34 (11th Cir. 2010) (*Graham* did not affect the defendant's mandatory minimum 30-year child pornography sentence because the defendant was an adult at the time he committed the offense), *cert. denied*, 131 S. Ct. 369 (2010); *United States v. Graham*, 622 F.3d 445, 462 (6th Cir. 2010) (citing *Farley* with approval and distinguishing *Graham* on the ground that the defendant was "not a 'juvenile offender' for purposes of the punishment he received in the instant case"), *cert. denied*, *Graham v. United States*, 131 S. Ct. 2962 (2011)(No. 10-9261).

A. *Cobler's sentence does not give rise to an inference of gross disproportionality*.

The Eighth Amendment states that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. Const. amend. VIII.  The Supreme Court has interpreted the Eighth Amendment to

prohibit punishment that is "grossly disproportionate" to the offense of conviction." *Solem v. Helm*, 463 U.S. 277, 288 (1983). The Supreme Court has also held that a court must only conduct proportionality review "in the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." *Ewing v. California* 538 U.S. 11, 30 (2003)(quoting *Harmelin v. Michigan*, 501 U.S. 957, 1005)(1991)(Kennedy, J., concurring)). The "narrow proportionality" principle applies to both capital and non-capital sentences, *Harmelin*, 501 U.S. at 996-97(Kennedy, J., concurring), but " 'outside the context of capital punishment, successful challenges to the proportionality of particular sentences are exceedingly rare.'" *Harmelin*, 501 U.S. at 1001)(Kennedy, J., concurring). In *Rummel v. Estelle*, 445 U.S.at 274 n. 11, the Court stated that the proportionality principle "would . . .come into play in the extreme example . . .if a legislature made overtime parking a felony punishable by life imprisonment." In "the rare case" where there is a threshold finding of an inference of gross disproportionality, then a court must perform the Eighth Amendment proportionality test articulated by the Supreme Court in *Solem v. Helm*, looking at "(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." 463

U.S. 277, 292 (1983).  But if the threshold showing of gross disproportionality is not met, as in *Harmelin*, and in Cobler's case, the analysis ends there.  501 U.S. at 1005; *accord Lockyer v. Andrade*, 538 U.S. 63, 73 (2003).  In this case, for the reasons below, Cobler's crimes and his resulting sentences do not establish an inference of gross proportionality, and  this Court should find that the cumulative sentence of 1,440 months was not imposed in violation of  the Eighth Amendment.

In keeping with the above principles,  a plurality of the Court in *Harmelin* rejected the defendant's assertion that his life term without parole was disproportionate because it was his first felony conviction.  *Harmelin*  U.S.  at 994.   Instead, the Court observed that the defendant had been convicted of possession of more than 650 grams of cocaine and held that Michigan could determine that the seriousness of the offense warranted the severe sentence. *Id.* at 990.  Other relevant precedential decisions from the Supreme Court also strongly suggests that Cobler's sentence should be sustained.  The Supreme Court observed in *Hutto v. Davis*, 454 U.S. 370 (1982) (per curiam), that it "has never found a sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment." *Id*. at 372 (citation omitted).   Rather, the Supreme Court has repeatedly sustained sentences to lengthy terms of imprisonment in the face of Eighth Amendment challenges. In *Rummel v. Estelle*, 445 U.S. at 265-266,

22

285, for example, the Court upheld a life sentence with the possibility of parole under a state recidivist statute for a defendant with three successive convictions for fraudulent use of a credit card to obtain $80 worth of goods, passing a forged check for $28.36, and obtaining $120.75 by false pretenses. Likewise, in *Hutto* the Court upheld a 40-year sentence for the crime of distributing nine ounces of marijuana. *See* 454 U.S. at 371-375. And in *Ewing v. California*, 538 U.S. 11, 28-31 (2003) (opinion of O'Connor, J.), the Court upheld a sentence of 25 years to life imprisonment under a state recidivist statute for the offense of felony grand theft.

"The Constitution does not require legislatures to balance crimes and punishments according to any single standard, or to achieve perfect equipoise." *United States v. Polk*, 546 F.3d 74, 76 (1st Cir. 2008). An Eighth Amendment violation for a term of years sentence is thus "hen's-teeth rare." *Id.* Illustrating that point are numerous decisions in which the various circuit courts of appeal have upheld term of years sentences against Eighth Amendment challenges. *See, e.g., Polk*, 546 F.3d at 77-78 (upholding 188-month term of imprisonment for attempting to produce child pornography); *United States v. Frisby*, 258 F.3d 46, 47, 50 (1st Cir. 2001) (upholding 151-month term of imprisonment for heroin distribution by a career offender, even though his sentencing range would have been 24 to 30 months imprisonment if he were not a career offender); *United*

*States v. Graciani*, 61 F.3d 70, 73, 76 (1st Cir. 1995) (upholding 280-month term of imprisonment for distributing 85.3 grams of crack cocaine); *United States v. Walker*, 473 F.3d 71, 82-83 (3d Cir.) (upholding application of a 55- year mandatory minimum term of imprisonment for three convictions for use of a firearm during a crime of violence), *cert. denied*, 549 U.S. 1327 (2007); *United States v. Rhodes*, 779 F.2d 1019, 1026, 1029 (4th Cir. 1985) (upholding a 75-year term of imprisonment without parole and a 50-year term of imprisonment without parole), *cert. denied*, 476 U.S. 1182 (1986); *United States v. Dobrowolski*, 406 Fed.Appx. 11, 12, 14 (6th Cir. 2010)(unpublished) (upholding mandatory minimum sentence of ten years imprisonment); *United States v. Wiest*, 596 F.3d 906, 911-913 (8th Cir.) (upholding mandatory minimum sentence of 57 years imprisonment), *cert. denied*, 131 S. Ct. 339 (2010); *United States v. Angelos*, 433 F.3d 738, 750-751 (10th Cir.) (upholding mandatory minimum sentence of 55 years imprisonment for three convictions of use of a firearm during a drug trafficking crime), *cert. denied*, 549 U.S. 1077 (2006); *Farley*, 607 F.3d at 1345 (reversing a district court's ruling that a 30-year mandatory minimum sentence for crossing a state line to engage in sexual activity with a minor was unconstitutional); *United States v. Bullock*, 550 F.3d 247, 251 (2d Cir. 2008)(15-year mandatory sentence under the Armed Career Criminal Act for possession of

eight rounds of ammunition not cruel and unusual); *United States v. Thomas*, 627

F.3d 146, 160 (5th Cir. 2010)(sentence of 1,435 months for armed bank robbery

not a violation of the Eighth Amendment); *United States v. Soule*, 250 Fed.Appx.

834, 837-38 (10th Cir. 2007) (unpublished) (mandatory minimum 120 months for

repeat offender possessing child pornography not cruel and unusual); *United*

*States v. Jones*, 480 Fed.Appx. 969, 971 (11th Cir. 2012)(unpublished) (25-year

consecutive sentence under 18 U.S.C. 924(c)(1)(C) not on its face in violation of

the Eighth Amendment and sentence as applied to the defendant did not violate the

Eighth Amendment); *United States v. Walls*, 70 F.3d 1323, 1328 (D.C. Cir.

1995)(life for major players in drug conspiracy not cruel and unusual, but crack

minimum mandatory penalties for minor players was cruel and unusual).

At the outset, it should be noted that Cobler's sentence  of 1,440months, or

120 years is the result of "stacking," or the imposition of consecutive sentences, in

order to achieve the total punishment, consistent with the directives in the United

States Sentencing Guidelines.  *See* U.S.S.G. § 5G1.2(d).   But Eighth Amendment

proportionality analysis focuses on the sentence imposed for each specific crime,

not on the cumulative sentence for multiple crimes.  *See, e.g., O'Neil v. Vermont,*

144 U.S. 323, 331 (1892) ("If [the defendant] has subjected himself to a severe

penalty, it is simply because he committed a great many such offences."); *Ming*

*Hong*, 242 F.3d at 532, citing *Hawkins v. Hargett*, 200 F.3d 1279, 1285, n.5 (10th

Cir. 1999), *cert. denied*, 531 U.S. 830 (2000)(explaining that "[t]he Eighth

Amendment analysis focuses on the sentence imposed for each specific crime, not

on the cumulative sentence for multiple crimes"); *United States v. Schell,* 692 F.2d

672, 675 (10th Cir. 1982) (twenty year sentence consecutive to current ninety-five

year sentence not a violation of the Eighth Amendment).   In that light, in *United*

*States v. Khan*, 461 F.3d 477, 495 (4th Cir. 2006), this Court rejected a defendant's

argument that the length and consecutive nature of his sentenced constituted cruel

and unusual punishment in violation of the Eighth Amendment reviewing sentence

of 120 months, 300 months and life imprisonment imposed pursuant to the "count-

stacking" provisions of 924(c)(1), and held that lengthy, mandatory sentences

imposed pursuant to the "count-stacking" provision of § 924(c) do not violate the

Eighth Amendment.  Similarly, though Cobler's sentences were not mandated by

the statute, the cumulate total was the result of the district court stacking the

maximum statutory penalties available – the penalties legislatively specified by

Congress as the outer limits for an offense under each of the provisions under

which Cobler was convicted -  in order to reach the total punishment.  "In general,

a sentence within the limits imposed by statute is neither excessive nor cruel and

unusual under the Eighth Amendment." *United States v. Moriarity*, 429 F.3d 1012,

1024 (11th Cir. 2005)(internal quotation marks omitted); *United States v. Delacruz-Soto*, 414 F.3d 1158, 1168 (10th Cir. 2005)(same).  For this reason, Cobler's cumulative sentence of 120 years, consisting of the maximum statutory penalty for each of his counts of conviction does not present a threshold inference of disproportionality.

### B.  The Gravity of the Offense

"Child sex crimes are among the most egregious and despicable of societal and criminal offenses...." *United States v. Sarras,* 575 F.3d 1191, 1220 (11th Cir. 2009).  Congress, courts, and scholars all recognize and acknowledge that child pornography crimes have at their core, a demand for the sexual exploitation and abuse of children.  Regarding the gravity of the offense at issue, there can be no question that the dissemination of child pornography is a serious crime that causes real injury to particularly vulnerable victims.  And it is most obvious that in the production of child pornography, children are seriously harmed—physically, emotionally, and mentally— and that harm is then exacerbated by the circulation, often for years after the fact, of a graphic record of the child's exploitation and abuse. *See New York v. Ferber,* 458 U.S. 747, 757–59 & nn.9–10 (1982) (citing congressional and scholarly reports, and court cases).  The distribution of child

pornography feeds an industry that causes physiological, emotional and mental trauma to the child victims. *See Osborne v. Ohio,* 495 U.S. 103, 109 (1990). Like drug possession and distribution offenses, possession, receipt, distribution and production of child pornography is a significant crime because such crimes threaten grave harm to our society and its most vulnerable citizens. *See Harmelin,* 501 U.S. at 1002.

Under the facts and circumstances of this case, Cobler cannot show that his sentence is grossly disproportionate. Cobler engaged in multiple acts of molestation with a four-year-old boy while knowing that he had a dangerous communicable disease. He produced video and images of child pornography depicting acts of sexual abuse on the child and also distributed and received other hard core child pornography by using a file sharing program by which he obtained other child pornography for his own gratification. Most disturbingly, Cobler determined through his own research that his communicable disease could be transmitted via saliva during oral sex after he had molested the four-year old child, and after learning there might be a possibility of infecting the child, he nevertheless performed oral sex on the child on two additional occasions. It is difficult to fathom, much less quantify, the harm perpetrated on the four-year old victim in this case, and as the government pointed out at the sentencing hearing

below, impossible to predict its long-term effects on the child victim.  *See* JA 77-78.  But whatever that harm might be, and however long-lasting the effects, Cobler's completely callous and selfish disregard for the very life and health of the child in this case was unthinkable.

The circumstances of this case do not mitigate the severity of the criminal conduct.  In arguing that his sentence was constitutionally excessive, Cobler pleads that "his life expectancy has been grossly shortened due to horrible circumstances completely beyond his control."  Br. of Appellant at 20.   But Cobler's shortened life expectancy is not sufficient reason to establish a constitutional violation.  In fact, "[t]he Supreme Court has never held that a sentence to a specific term of years, even if it might turn out to be more than the reasonable life expectancy of the defendant, constitutes cruel and unusual punishment."  *Khan*, 461 F.3d at 495. Further, though there is no argument from the United States that Mr. Cobler's horrible circumstances were completely beyond his control, the decision to sexually molest a child, risking the transmission of disease to that child, was entirely within his control.  Cobler molested and abused his small victim, pursuing sexual pleasure for himself, and recorded his abuse on film, all the while knowing that by his consummately selfish acts, he was risking the same fate for the child from which he now suffers.   Beyond these horrible acts, Cobler further

29

downloaded and collected many graphic images and videos of other child victims being raped and abused, including images similar in nature to the abuse he perpetrated on his local victim.  Cobler was convicted of being a consumer and distributor of previously produced images of child sexual abuse, and also with producing his own child pornography, using a very young child to gratify his own perverse sexual interests, and memorializing the abuse.  He is a sexual predator and his sentence of 1,440 months, though harsh, and effectively a life sentence, appropriately reflects the seriousness of the egregious acts he committed against the child he abused, and the abuse against other children he perpetrated by downloading and distributing other images.

In the Government's view, the severity of the particular offenses in this case cannot be overstated.   It takes few words to convey the gravity of a monstrous crime of sexual predation by an adult upon a child, which by itself is, for the reasons stated herein, a grave and serious offense.  This is clearly not "one of the most passive felonies a person could commit." *Solem*, 463 U.S. at 296.  To the contrary, Cobler's  crimes  risked the transmission of a disease which could have ruined or even ended a child's life.  Further, the pornography that is the subject of Cobler's distribution count of conviction included a video depicting a young female child, with her hands holding an adult male penis and with her mouth on the penis,

and with a hand on top of her head. JA 220. It is not necessary to recite the similar details of the depictions of sexual exploitation of children in the additional images that Cobler had on his peer-to-peer file-sharing network, to confirm the seriousness of the criminal conduct at issue. For all these reasons, Cobler's sentence of 1,440 months does not raise an inference of gross disproportionality, nor do the individual sentences he received on each count raise any inference of disproportionality, when viewed against the backdrop of his conduct.

Moreover, various circuit courts have considered Eighth Amendment challenges to child pornography sentences, and have repeatedly upheld sentences within the statutory minimum and maximum ranges. *See, e.g., United States v. Falgout,* 325 Fed.Appx. 775 (11th Cir. 2009)(unpublished)(sentence of 11,520 months not in violation of the Eighth Amendment); *United States v. Paton*, 535 F.3d 829, 837-38 (8th Cir. 2008)(concluding that life sentence for five counts of production of child pornography was not cruel and unusual punishment in violation of the Eighth Amendment); *Polk*, 546 F.3d at 74-78 (upholding 15-year sentence for attempted production of child pornography sentence); *United States v. Puglisi*, 458 Fed.Appx. 31, 35 (2d Cir. 2012)(unpublished)(upholding 15-year sentences for production and attempted production of child pornography); *United States v. MacEwan*, 445 F.3d 237, 250 (3d Cir. 2006)(upholding 15-year mandatory

minimum sentence for production of child pornography); *United States v. Davis*, 306 Fed.Appx. 102, 104 (5th Cir. 2009)(unpublished)(upholding 200-month sentence for attempted production of child pornography); *United States v. Herrick*, 512 Fed.Appx. 534, 538 (6th Cir. 2013)(unpublished)(upholding 1,140-month sentence for production, distribution, and possession of child pornography); *United States v. Gross*, 437 F.3d 691, 694-95 (7th Cir. 2006)(15-year mandatory minimum sentence for recidivist distributing child pornography); *United States v. Weis*, 487 F.3d 1148, 1154 (8th Cir. 2007)(upholding a sentence of less than the twenty-year maximum under 18 U.S.C. § 2252(a)(2)); *United States v. Soule*, 250 Fed.Appx. 834, 837-38 (10th Cir. 2007)(unpublished)(upholding mandatory minimum of 120 months incarceration for a repeat offender convicted of possession of child pornography); *United States v. Merchant*, 506 Fed.Appx. 959, 960-61 (11th Cir. 2013)(unpublished)(upholding 17.5-year sentence for distribution of child pornography); *United States v. Higgins*, 504 Fed.Appx. 786 (11th Cir. 2009)(unpublished)(upholding 15-year mandatory minimum sentence for production of child pornography); *United States v. Green*, 259 Fed.Appx. 171, 177 (11th Cir. 2007)(unpublished)(upholding 97-month sentence for receipt and possession of child pornography under §§ 2252(a)(2) and (a)(4)).

Cobler points to a chart of federal statutes in support of his argument that the child pornography statutes are unusually punitive. *See* Br. of Appellant at 21-24. Cobler makes much of the notion that many of the federal crimes in the chart carry no minimum mandatory penalty. *Id*. at 21. However, Cobler's sentence was not derived from the minimum mandatory penalties which attached to some of his offenses, and was instead, as stated earlier in this brief, the result of the district court's employment of the statutory maximum penalties for the various offenses of conviction. *See* JA 229; 18 U.S.C. §§ 2251(a), 2251(e), 2252(a)(1), 2252(b)(1), 2252(a)(4)(B), 2252(b)(2). Without enumerating the various offenses, the chart makes clear that several of the selected offenses in the chart carry statutory penalties up to life, and though it is difficult sometimes to fully understand why certain crimes, such as child genital mutilation, carry  the penalties they do,[5] the Constitution "does not require legislatures to balance crimes and punishments according to any single standard, or to achieve perfect equipoise." *Polk*, 546 F.3d at  76. Further, Cobler ignores the fact that a defendant convicted of multiple

---

[5] Child genital mutilation under 18 U.S.C. § 116 carries only a maximum penalty of five years, but the legislative history suggests that the decision regarding the penalty may have been guided by the fact that such practices are related to certain cultural practices and religious beliefs. Section 645(a) of Div. C of Pub.L. 104-208 provides that:

"The Congress finds that—"(1) the practice of female genital mutilation is carried out by members of certain cultural and religious groups within the United States . . .."

counts of conviction under many of the listed offenses, could, like he did, face a

punishment reached by stacking the maximum penalties for each count to reach a

cumulative total punishment.  For example, Cobler argues that "war crimes carry

available sentences less than production of child pornography," br. of appellant at

24, but under 18 U.S.C. § 2441, that crime is punishable up to life, (or death if

death result to the victim) and a defendant convicted of multiple offenses under

that statute would face the possibility of multiple life sentences.

Cobler further argues that two district court decision in *United States v. C.R.*,

792 F.Supp. 2d 343(E.D.N.Y. 2011), and *United States v. Marshall*, 870 F.Supp.

2d 489 (N.D. Ohio 2012), in which that court relied upon the holding in *United*

*States v. C.R.*, support his argument that his sentence was excessive.  *See* Br. of

Appellant at 25-29.   However, since Cobler filed his brief, the Second Circuit

Court of Appeals reversed the district court in *C.R.*, concluding that the five year

minimum mandatory sentence was not grossly disproportionate as applied to the

defendant in that case, and remanded for resentencing consistent with the opinion.

*United States v. Reingold*, 731 F.3d 204 (2d Cir. 2013).  Both cases are also

entirely distinguishable, in that they  involved the imposition of a minimum

mandatory penalty of five years, for one count of distribution, and receipt of child

pornography, instead of  multiple counts of production of child pornography, as in

Cobler's case, involving the actual sexual molestation of a child, in addition to other offenses of transportation and possession of child pornography.  *See United States v. C.R.*, 792 F.Supp. 2d 343(E.D.N.Y. 2011), and *United States v. Marshall*, 870 F.Supp. 2d 489 (N.D. Ohio 2012).

Likewise, regarding the statutory schemes for the various states, it is clear that many of the states listed in the chart punish the production of child pornography by proscribing severe maximum penalties, which could easily result in sentences similar to those imposed on Cobler's production offenses, and which, in cases involving multiple offenses, could also result in very lengthy aggregate sentences.  *See* Br. of Appellant, Addendum.  In particular, Connecticut, Delaware, Idaho, Illinois, Mississippi, New Hampshire, Virginia, and Wisconsin, punish set statutory maximum penalties for production crimes between twenty-five and  forty years .  *Id*.  Alabama, Alaska, Montana, Nevada and Texas permit punishments for such crimes to reach ninety-nine years, some designating the higher penalties for younger victims.  *Id*. at 1, 11-13, 19.  The statutory maximum penalties that Cobler faced were not unusual, in comparison to these penalties in the various state jurisdictions, as many of the maximum penalties were as great, and greater than the penalties Cobler faced.

As set forth in this Brief, the Eighth Amendment provides a narrow proportionality guarantee which forbids only "extreme sentences" that are "grossly disproportionate" to the crime. *Ewing*, 538 U.S. at 30(quoting *Harmelin*, 501 U.S. at 996–97). Under these precedents, a comparison of Cobler's purposeful, abusive, and perverse conduct to a sentence of 1,440 months, or 120 years, does not create an inference of gross disproportionality. *See Herrick*, 512 Fed. Appx. at 538-39; *Falgout*, 325 Fed. Appx. at 779. For all the above reasons, Cobler's sentence should be affirmed.

## II. THE DISTRICT COURT IMPOSED A REASONABLE SENTENCE WHEN IT SENTENCED COBLER TO A WITHIN-GUIDELINE RANGE SENTENCE OF 1,440 MONTHS.

This Court, in reviewing a criminal sentence to determine if it is reasonable, must first ensure that the district court committed no significant procedural error. *Gall,* 552 U.S. at 46, 51. A district court commits a procedural error if it fails to properly calculate the Guidelines, treats the Guidelines as mandatory, fails to consider the statutory factors under 18 U.S.C. § 3553(a), bases a sentence on facts that are clearly erroneous, or fails to adequately explain the sentence imposed. *Id.* at 51; *United States v. Layton*, 564 F.3d 330, 336 (4th Cir. 2009). If no procedural error exists, the Court reviews "the substantive reasonableness of the sentence

imposed" for abuse of discretion. *Gall,* 552 U.S. at 51. This Court evaluates the

substantive reasonableness of a sentence "in light of all the relevant facts," *Layton,*

564 F.3d at 337 (quoting *United States v. Curry,* 523 F.3d 436, 439 (4th Cir.

2008)) (internal quotation marks omitted), and taking into account the totality of

the circumstances. *United States v. Pauley,* 511 F.3d 468, 473 (4th Cir. 2007).

Moreover, a sentence imposed within the properly calculated Guidelines range is

presumptively reasonable. *Rita v. United States*, 551 U.S. 338, 327 (2007); *United*

*States v. Abu Ali*, 528 F.3d 210, 261 (4th Cir. 2008)

In this case, Cobler faced a combined maximum statutory penalty of 120

years. *See* JA 229; 18 U.S.C. §§ 2251(a), 2251(e), 2252(a)(1), 2252 (b)(1),

2252(a)(4)(B), and 2252(b)(2). Cobler also faced an advisory guideline range of

life, corresponding to a Criminal History Category of I, and a total offense level of

43. United States Sentencing Guidelines, *Sentencing Table*; JA 132-33, 229.

However, "[w]here the statutorily authorized maximum sentence is less than the

minimum of the applicable guideline range, the statutorily authorized maximum

sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(a); *United States v.*

*Shaw*, 313 F.3d 219, 223 (4th Cir. 2002). Cobler's advisory guideline range was

therefore properly calculated at life, and then reduced to 1,440 months (120 years),

the total of the combined statutory maximum penalties for the counts of

conviction.[6]  JA 229.  Cobler did not object to the court's ultimate conclusions

regarding the applicable guideline range.  JA 133.  The district court then imposed

a custodial term of 1,440 months or 120 years by imposing the sentences for the

counts consecutively, as permitted by  U.S.S.G. § 5G1.2(b) and (d).  JA  193-94;

*United States v. White*, 238 F.3d 537 (4th  Cir. 2001).   The sentence consisted of

360 months on each of Counts One , Two and Three, 240 months on Count four

and 120 months on Count Five, all to served consecutively.  JA 194, 201, 209.

Because the district court did not impose a sentence above the guideline range, the

sentence is entitled to a presumption of reasonableness on appeal.  *Abu Ali*, 528

F.3d at 261; *United States v. Bynum,* 604 F.3d 161, 168–69 (4th Cir. 2010).

Further, "[e]ven if [this Court] would have reached a different sentencing result on

[its] own, this fact alone is 'insufficient to justify reversal of the district court.'"

*Pauley,* 511 F.3d at 474 (quoting *Gall,* 552 U.S. at 51).  "[A] defendant can only

rebut the presumption [of reasonableness] by demonstrating that the sentence is

unreasonable when measured against the § 3553(a) factors." *United States v.*

*Montes-Pineda,* 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks and

citation omitted), *cert. denied,* 551 U.S. 1163 (2007).

---

[6] The PSR also accurately reflected that Cobler faced a minimum mandatory
penalty of fifteen years on each of  Counts One, Two and Three.  JA 229; 18
U.S.C. §§ 2251(a) and (e).

Cobler fails to rebut the presumption here.  Cobler argues that his sentence

is too long,  that the sentence of 1,440 months was excessive, and greater than

necessary in light of the sentencing factors in § 3553(a).  *See* Br. of Appellant at

29-35.  He asserts that for a defendant in his circumstance, that is, facing a

shortened life expectancy, a sentence of fifteen years, or the minimum mandatory

penalty for one of his counts of conviction, was a life sentence, and would have

been sufficient but not greater than necessary to deter him any future criminal

conduct.  Br. of Appellant at 30, 32.   To the extent that Cobler contests the district

court's decision to deny his request for a lower sentence, closer to the minimum

mandatory penalty, this is insufficient to overcome the presumption of

reasonableness.  *See United States v. Trejo-Martinez*, 481 F.3d 409, 413 (6th Cir.

2007) (" 'The fact that the district court did not give the defendant the exact

sentence he sought is not a cognizable basis to appeal, particularly where the

district court followed the mandate of § 3553(a) in all relevant respects.' ")

(quoting *United States v. Dexta*, 470 F.3d 612, 616 (6th Cir. 2006)). The district

court in this case did not select the sentence arbitrarily, base the sentence on

impermissible factors, fail to consider pertinent section 3553(a) factors, or give an

unreasonable amount of weight to any pertinent factor.  As the Sixth Circuit has

observed, in these circumstances, "[t]he mere fact that [a defendant] desired a more

39

lenient sentence, without more, is insufficient to justify our disturbing the reasoned

judgment of the district court." *Trejo-Martinez*, 481 F.3d at 413. This is because it

is not the province of the appellate court to substitute its judgment for that of the

sentencing court. *See Gall*, 552 U.S. at 51 (the fact that the appellate court might

reasonably have concluded that a different sentence was appropriate is insufficient

to justify reversal of the district court).

    Cobler challenges the substantive reasonabless of his within-Guidelines

sentence, arguing that the 1,440 month sentence was greater than necessary to

afford adequate deterrence in light of sentencing factor § 3553(a)(2).[7] Br. of

Appellant at 31-32. Cobler argues that he would have been deterred, and

incapacitated by a sentence of fifteen years, because of his shortened life

expectancy, which converts such a sentence, he says, to a life sentence. *Id*. at 32.

---

[7]Cobler does not contest the procedural reasonableness of his sentence, except in arguing that the court committed clear error in the Statement of Reasons, by stating that Cobler "videotaped the 'rape' of the child he was babysitting." Br. of Appellant at 30, n. 8; *see* JA 284. In the Statement of Reasons, the district court stated, among other things, that Cobler "videotaped the rape of the child." JA 284. The evidence established that Cobler videotaped one incident of molestation, during which he admitted to giving the boy a "blow job." JA 65. Cobler also admitted that he penetrated the victim child's anus with his finger on each of the occasions that he performed oral sex on the child. JA 65-66. Thus, though there was no penile penetration, Cobler did digitally penetrate the body of the child.

But the district court imposed a sentence that was appropriate in order to deter

Cobler from further crimes, and in light of Cobler's overall conduct, which

included deviant sexual behavior against at least one other young child that began

when he was still a minor, the court was well within its discretion in concluding

that no variance from the Guidelines sentence was justified.  *See* JA 149-50; 193-

194.    Cobler's  own statements and actions suggest that he is simply unable to

control his urges and behavior, and although he has no criminal history, Cobler

harmed numerous children, by both producing his own child pornography and in

searching for and distributing other child pornography, and he poses a future

danger to them.    The threat of recidivism by a pedophile who has sexually abused

a child is "appalling." *United States v. Pugh*, 515 F.3d 1179, 1201 (11th  Cir.

2008).  ("As Congress has found . . . child sex offenders have appalling rates of

recidivism and their crimes are under-reported."); *see also United States v. Allison*,

447 F.3d 402, 405–06 (5th Cir. 2006) ("Congress explicitly recognized the high

rate of recidivism in convicted sex offenders, especially child sex offenders."). The

Supreme Court has also noted "grave concerns over the high rate of recidivism

among convicted sex offenders and their dangerousness as a class," and has found

that "[t]he risk of recidivism posed by sex offenders is frightening and high." *Smith

v. Doe*, 538 U.S. 84, 103 (2003) (quotation marks omitted).    Thus, despite

Cobler's assertions regarding his life expectancy, it is impossible to predict when there may be positive developments from world of science that could change Cobler's future, and the district court appropriately considered the overall conduct in this case, and was persuaded that Cobler should never live another day outside the confines of prison.   The fact that the term of imprisonment selected to ensure that outcome is a number of months or years that neither Cobler, nor anyone, would ever be able to serve, does not establish an abuse of discretion, especially under these circumstances, and where the sentence is within the properly calculated Guideline range.  *See United States v. Betcher*, 534 F.3d 820, 828 (8th Cir. 2008), *cert. denied*, 555 U.S. 1123 (2009)( "The absurdity of a 750 year sentence, or even a 10,000 year sentence, should not detract from the gravity of [the defendant's] crimes.");*United States v. Gross*, 253 Fed.Appx. 264 (4th Cir. 2007)(unpublished).   The district court clearly emphasized the need to incapacitate Cobler, and stressed the importance of a life sentence to achieve that result, and the lengthy sentence does not create an abuse of discretion.   *See* JA 189-84.  The district court imposed a reasonable sentence by selecting a term of months and years which addressed both the seriousness of his offenses and his future dangerousness.   The term of imprisonment of 1,440 month absolutely guarantees that Cobler will remain incarcerated for the duration of his life, and simultaneously

42

reflects the seriousness of the offense, promotes respect for the law, and provides just punishment. *See* 18 U.S.C. § 3553(a). The district court was very mindful of these sentencing goals in selecting the sentence in this case, and Cobler has not overcome the presumption of reasonableness that attaches to the within-Guidelines sentence in this case.

As for deterring others from criminal conduct, Cobler cites to some research which he claims supports his assertion that the length of his sentence would likely "have no effect on general deterrence," but that the goal of general deterrence was met by prosecuting and sentencing Cobler at all, "regardless of the length of the sentence." Br. of Appellant at 32. The Government respectfully disagrees with Mr. Cobler, and argues in response, as it did in its Sentencing Memorandum in the district court, that "the sentence in this case must constitute a loud message to other offenders that the most extreme consequences will result for such callous disregard of young victims." *See* JA 71. The Government's position rests on a foundation established by Congress, the Supreme Court, and the Sentencing Commission, as well as a growing body of caselaw, concluding that general deterrence is a very important factor when considering an appropriate sentence. *See, e.g.*, *United States v. Irey*, 612 F.3d 1160, 1211 (11th Cir. 2010)(*en banc*) (citing *New York v. Ferber*, 458 U.S. 747, 760 (1982)) ("The most expeditious if not the only practical

method of law enforcement may be to dry up the market for [child pornography] by imposing severe criminal penalties on persons selling, advertising, or otherwise promoting the product");[8] *Osborne v. Ohio*, 495 U.S. at 109-10 ("It is also surely reasonable for the State to conclude that it will decrease the production of child pornography if it penalizes those who possess and view the product, thereby decreasing demand"); *United States v. Goff*, 501 F.3d 250, 261 (3d Cir. 2007) ("Deterring the production of child pornography and protecting the children who are victimized by it are factors that should have been given significant weight at sentencing."); *United States v. Barevich*, 445 F.3d 956, 959 (7th Cir. 2006) ("Transporting and receiving child pornography increases market demand. The greater concern under the Guidelines is for the welfare of these exploited children. The avenue Congress has chosen to weaken the child pornography industry is to punish those who traffic in it."). In *United States v. Goldberg*, the Seventh Circuit opined that:

> Young children were raped in order to enable the production of the pornography that the defendant both downloaded and uploaded – both consumed himself and disseminated to others. The greater the customer demand for child pornography, the more that will be produced. Sentences influence behavior, or so at least Congress thought when in 18 U.S.C. § 3553(a) it made deterrence a statutory sentencing factor. The logic of deterrence suggests that the lighter the

---

[8] The *Irey* court noted that "[c]hild sex crimes are among the most egregious and despicable of societal and criminal offenses." 612 F.3d at 1206.

punishment for downloading and uploading child pornography, the greater the customer demand for it and so more will be produced.

491 F.3d 668, 672 (7th Cir. 2007)(internal citations omitted).

Significantly, the Sixth Circuit in part reversed a district court when the court failed to see any importance in general deterrence. *See United States v. Bistline*, 665 F.3d 758,767 (6th Cir. 2012).[9] The district court had stated, "[g]eneral deterrence ... will have little [if] anything to do with this particular case." Id. The Sixth Circuit found the district court's statement "inexplicable and in any event conflicts with our statement that '[g]eneral deterrence is crucial in the child pornography context[.]" *Id*. (*citing United States v. Camiscione*, 591 F.3d 823, 834 (6th Cir. 2010)). For all these reasons, the district court's conclusions in this case were well-founded, and Cobler's sentence should be affirmed.

Cobler also challenges the substantive reasonableness of his within-Guidelines sentence, arguing that sentencing factor 3553(a)(6), requiring the court to consider the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct," is undermined by a sentence of 1,440 months. Br. of Appellant at 32. For the reasons below, Cobler's argument also fails on this point.

_____

[9] While *Bistline* reversed an extremely short sentence, the opinion is a strongly worded opinion about the Guidelines and the seriousness of child pornography offenses. *Bistline*, 665 F.3d at 767.

45

The Guidelines understandably result in lengthy advisory sentences for defendants like Cobler, because their crimes have directly harmed children, and in conjunction with the prescribed goals of sentencing, lengthy sentences simultaneously punish, deter and protect.  As set forth herein, the district court clearly considered all of the § 3553(a) factors, including the specific and unique details of Cobler's offenses, before determining that a sentence of 1,440 months was appropriate in his case.  *See* JA189-94.    The crimes Cobler committed were aggravated and worthy of severe punishment.   The district  court made clear in its remarks that it was cognizant of  the harm and tragedy perpetrated on the four-year -old child victim by Cobler.  JA 149-50; 192-93.  Likewise, the court was aware of the harm that Cobler caused by downloading and collecting many graphic images and videos of other young children being raped and abused, including images similar in nature to the abuse he perpetrated on his local victim.   In concluding that a sentence reached only by stacking the maximum statutory penalties available for each count was the appropriate result in this case, the court was unequivocal in its remarks indicating that it was of the greatest concern to the court that Cobler had, in addition to all of his other crimes, displayed the most callous and selfish disregard for the life and health of the victim child in this case.   JA  at 149-50 ("This is almost as bad as - -the only - - it's almost as bad as you can get.  This is a

very, very, very grievous case."). The Government argued below that the breadth of Cobler's crimes could not be overstated, and clearly the district court agreed.

Further, in sentencing Cobler to the Guidelines sentence of 1,440 months, the district court did not create any unwarranted disparity. In fact, courts have, in many instances, imposed lengthy, or effectively life sentences for production of child pornography. For example, in *Sarras*, 575 F.3d at 1220-21, the Eleventh Circuit affirmed as reasonable a 100-year (1,200 months) sentence for a first-time offender who sexually abused a 13-year-old girl and produced pornographic images of the victim. *Id.* The *Sarras* court noted several other child exploitation cases in which courts upheld lengthy sentences as substantively reasonable. *Id. See United States v. Johnson*, 451 F.3d 1239, 1244 (11th Cir. 2006) (upholding as reasonable a 140-year sentence for abusing and photographing three boys between the ages of 8 and 16 based on consecutive statutory maximums under 18 U.S.C. § 2251(e) and § 2252A(b)(1)); *United States v. Kapordelis,* 569 F.3d 1291, 1318-19 (11th Cir. 2009) (upholding as reasonable a 420-month sentence, which represented an upward variance from the 262-327-month advisory guidelines range and included 240-month sentences on counts charging production of child pornography under § 2251(a) and 180-month consecutive sentences on counts charging receipt of child pornography under § 2252A(a)(2)(A)); *United States v.*

*Huffstatler*, 561 F.3d 694, 698 (7th Cir. 2009) (upholding as reasonable an above-guidelines, 450-month sentence for producing pornographic pictures of a 14-year-old boy); *United States v. Raplinger*, 555 F.3d 687, 695 (8th Cir. 2009) (upholding as reasonable a 457-month sentence for photographing and having sexual intercourse with a 15-year-old girl), *cert. denied*, 129 S. Ct. 2814 (2009); *Betcher*, 534 F.3d at 827-28 (upholding as reasonable a 750-year sentence for a first-time offender who had taken pornographic pictures of five 8- to 11-year-old girls, including two of his granddaughters), *cert. denied*, 555 U.S. 1123 (2009); *United States v. Vowell*, 516 F.3d 503, 511-13 (6th Cir. 2008) (upholding as reasonable a 780-month sentence for a 40-year-old man who had sexual intercourse with his girlfriend's 8-year-old daughter while being videotaped by his girlfriend); *see also United States v. Paton*, 535 F.3d 829, 837-38 (8th Cir. 2008) (concluding that life sentence for five counts of production of child pornography was not cruel and unusual punishment in violation of the Eighth Amendment); *United States v. Pugh*, 515 F.3d at 1202 ("[W]e have typically treated child sex offenses as serious crimes, upholding severe sentences in these cases").

This Court has also affirmed, *inter alia*, the following cases that involved, at least in part, production of child pornography convictions:  *United States v. Engle*, 676 F.3d 405 (4th Cir. 2012)(affirming 480-month sentence which was the result

of an upward variance); *United States v. Mattocks*, 408 Fed.Appx. 717 (4th Cir.

2011) (unpublished) (affirming 600-month sentence for one count of production of

child pornography involving a 6-year old child and one count of transportation of

child pornography); *United States v. Ebersbach*, 489 Fed.Appx. 635 (4th Cir.

2011) (unpublished) (affirming 360-month Guidelines sentence); *United States v.*

*Martinez,* 453 Fed.Appx. 342 (4th Cir. 2011) (affirming of denial of motion to

withdraw guilty plea in case where defendant received 960-month sentence), *cert.*

*denied*, 132 S. Ct. 1130 (2012).[10] [11]

---

[10] Two recent cases in this district, *United States v. Bruffy*, Criminal No. 6:11CR00006, 2012 WL 1003503 (W.D.V.A. Mar. 26, 2012  and *United States v. Miller,* ---Fed.Appx. - - -, 2013 WL 3803530 (4th Cir. July 23, 2013)(unpublished), resulted in 23-year and 25-year sentences respectively.  In *Bruffy*, the children were unaware that their images (which depicted primarily lascivious exhibition of the genitals and not sex acts between Bruffy and the minors) were taken since they were asleep for those images that clearly qualified as child pornography.  Miller, who was significantly older and also had health problems (indeed, he was arrested on a warrant from our district) in Rome after he had a heart attack) had filmed an approximately 14 or 15 year old girl performing oral sex on the defendant.  The crimes were discovered after the girl had asked the defendant to take her away with him and they were found driving in the National Park.

[11] As other recent examples, the Seventh Circuit affirmed a 396-month sentence for a 19-year old defendant who captured live-stream images of girls as young as 13 (he distributed at least one photo).   The government had recommended a small break in his sentence for assistance and his sentence was below his guidelines range.  *See United States v. Shea*, 493 Fed.Appx. 792 (7th Cir. 2012)(unpublished).  The Eighth Circuit also affirmed a 327 month sentence (the maximum potential sentence was 360 months which was reduced to reflect time served as part of a related state sentence) for a defendant's production of

Cobler attempts to support his argument by pointing to the 78-month sentence in *United States v. Crandon*, 173 F.3d 122 (3d Cir. 1999), but as he must, acknowledges at the outset that Crandon was only convicted of receipt of child pornography.  Br. of Appellant at 33; 173 F.3d at 124.   And while that case also involved the repeated exploitation of a minor, the facts in *Crandon* are distinguishable.   Among other things, the victim in that case was, at age 14, significantly older than the vulnerable 4-year old in the present case, *see Crandon*, 173 F.3d at 125,  and  there is no mention in the *Crandon* case of any medical risk to the victim as was the case here.  *Crandon*, 173 F.3d 122.

Likewise, in *United States v. Irey*, the defendant, who engaged in repeated, unthinkable and most reprehensible conduct, was charged in a single count, and ultimately received a sentence of thirty years, the maximum for that count of conviction.  *Irey*, 612 F.3d at 1222.  The Eleventh Circuit, sitting *en banc*, made clear its strong disagreement with the district court's original sentence, finding that "no downward variance ... is reasonable in this case." *Id*.   Indeed, a reading of the opinion as a whole leaves the impression that the Eleventh Circuit may well have thought a higher sentence than that allowed by the statutory maximum in that case would have been warranted.  Irey was apparently fifty years old at the time of his

---

images depicting his 11-year old daughter.  *See United States v. Schupp*, 488 Fed.Appx. 170 (8th Cir. 2012) (unpublished).

sentencing and the opinion makes clear that his advanced age at the time of release did not justify a shorter sentence. *Irey*, 612 F.3d at 1205-06.

The fact that the Government in the *Irey* case might have been able to charge the defendant in that case with multiple charges is not properly the subject of this Court's consideration in determining whether a sentencing disparity exists in this case. Instead, the Court should consider "the need to avoid unwarranted sentence disparities among defendants with *similar* records *who have been found guilty* of *similar* conduct." 18 U.S.C. § 3553(a)(6)(emphasis added). Irey's conduct was unquestionably horrific in scope and magnitude, and the Eleventh Circuit concluded that he should be sentenced to the maximum possible penalty. *Irey*, 612 F.3d at 1224-25. In Cobler's case, with multiple counts of conviction, the district court clearly expressed its view that the Cobler should never be permitted to be in the public again, that in order to protect the public from further crimes, the maximum possible penalty should be imposed. Though Irey had fewer counts of conviction, in both cases, ultimately the respective courts determined that the maximum possible penalty was appropriate for each defendant, and the fact that Irey ultimately received only thirty years does not create a disparity which should in any way detract from the appropriateness of the 1,440 month sentence imposed on Cobler for his crimes.

In sum, and in light of the factors requiring the court to consider the history and characteristics of the defendant and the nature and circumstances of the offense, it is clear that the district court imposed a reasonable sentence. The production offenses in this case are especially despicable and egregious given the defendant's extraordinarily selfish exploitation of a very young child during which he risked transmitting to the child a potentially life-threatening condition. Indeed, despite his knowledge concerning his own medical situation, Cobler chose to put his own interests above that of a highly vulnerable child, who was then in his custody and control. While Cobler had no known criminal history in the sense that he has no prior prosecutions, he had an undeniable longstanding interest in the sexual abuse of young children and admitted that he had engaged in prior sexual acts with a young child when he was a minor himself. Significantly, Cobler's own statements suggest that he downloaded child pornography in an attempt to avoid raping a child, and the fact that he offered babysitting services is additionally disturbing given his history.

The goals set forth under 18 U.S.C. § 3553(a)(2)(A) embody the "just desserts" concept and "carries the need for retribution, the need to make the punishment fit the crime, and the need not just to punish but to punish justly." *Irey*, 612 F.3d at 1206. A longer sentence is warranted the more serious the

conduct. *See id*. As the Eleventh Circuit noted, the less it takes to have the statutory minimum imposed, the higher the sentence should be for much worse conduct. *Id*. at 1209. A single image depicting the lascivious exhibition of a 17-year old minor would require a 15-year sentence, and the present case clearly involves much more serious conduct and thus rightfully resulted in a much more serious sentence - one that was sufficient to meet the goals of sentencing, including justly punishing the defendant considering the scope of his conduct. The district court understandably concluded that the risk that Cobler took in abusing this young child when he was entrusted with caring for him did not justify any sentence lower than that recommended by the advisory guideline range. A Guidelines sentence, as constrained, of course, by the statutory maximum in this case, was warranted in this case even though such a sentence is tantamount to a life sentence. The Guidelines sentence reflects the seriousness of Cobler's offenses, promotes respect for the law, deters future conduct, reflects the seriousness of the offense and provides the public with protection from future crimes by incapacitating Cobler, and likewise affords justice to the child victim. The sentence imposed was therefore sufficient but not greater than necessary to meet those goals, and accurately reflected all the sentencing factors.

Finally, according to Cobler's own assertions regarding his life expectancy, the sentence of fifteen years he asks for now would require him to spend the rest of his days behind bars. *See* Br. of Appellant at 20, 30, 32.    Given that he has effectively conceded that under any circumstances, a reasonable sentence would require him to spend the remainder of his life behind bars, the particular sentence imposed in this case cannot be excessive, or unreasonable. *See United States v. Demeyer*, 665 F.3d 1374, 1375 (8th Cir. 2012)(citing and quoting *Betcher,* 534 F.3d at 828 ("As we said in affirming a 750-year sentence imposed on a defendant whose child pornography offenses victimized his granddaughters, 'The district court emphasized incapacitation . . .and stressed the importance of a life sentence in achieving that result.  The absurdity of a 750-year sentence, or even a 10,000 year sentence, should not detract from the gravity of [the defendant's] crimes.'"); *United States v. Metzger*, 411 Fed.Appx. 1, 4 (7th Cir. 2010)(unpublished)("Once Metzger acknowledged the validity of a life term for his crimes, his sentence for hundreds of years is not excessive.").  For all these reasons, the sentence of 1,440 months was reasonable, and should be affirmed.

## **CONCLUSION**

For the foregoing reasons, we respectfully request that the Court affirm the judgment and sentence imposed by the district court.

Respectfully submitted,
TIMOTHY J. HEAPHY
United States Attorney

s/Jean B. Hudson
Assistant U.S. Attorney
U.S. Attorney's Office
255 West Main Street
Charlottesville, Virginia 22902
(Va. Bar No. 25870)

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief has been prepared using fourteen point, proportionally spaced, serif typeface – Microsoft Office Word 2007, Times New Roman, 14 point, and is in compliance with Fed. R. App. R. P. 32(a)(7)(B).

This brief contains  55 pages and approximately  12,797 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(ii), and is in compliance with Fed. R. App. P. 32(a)(7)(B).

I understand that a material misrepresentation can result in the Court striking the brief and imposing sanctions.

<u>s/ Jean B. Hudson</u>
Assistant United States Attorney
(Va.  Bar No. 25870)

## **CERTIFICATE OF SERVICE**

I certify that on December 13, 2013, I electronically filed the foregoing Brief

of Appellee with the Clerk of the Court using the CM/ECF System, which will

send notice, and constitute service, of such filing to the following registered

CM/ECF user(s): Larry W. Shelton Federal Public Defender, and Christine M. Lee,

Research and Writing attorney, Counsel for the Appellant.


s/Jean B. Hudson
Assistant U.S. Attorney
(Va. Bar No.  25870)